UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

Frank S.,

            Plaintiff,

v.                                                   5:22-CV-1271 (ML)

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Legal Aid Society of Mid-New York, Inc., Syracuse Office<br>  Counsel for the Plaintiff<br>221 South Warren Street, Suite 310<br>Syracuse, New York 13202 | ELIZABETH V. LOMBARDI, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>  Counsel for the Defendant<br>6401 Security Boulevard<br>Baltimore, Maryland 21235 | CANDACE BROWN CASEY, ESQ.<br>Special Assistant U.S. Attorney |

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

       Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

in connection with those motions on March 4, 2024, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is GRANTED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 13) is DENIED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is REVERSED.

4) This matter is REMANDED to the Commissioner, without a directed finding of disability, for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g).

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, REMANDING this matter to the Commissioner for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

Dated: March 7, 2024
　　　　Binghamton, New York

_____
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
FRANK EDWARD S., JR.,

                         Plaintiff,

vs.                                       5:22-CV-1271

MARTIN J. O'MALLEY,
Commissioner of Social Security,

                         Defendant.

------------------------------------------------------x
```

**DECISION - March 4, 2024**
**the HONORABLE MIROSLAV LOVRIC**
**United States Magistrate Judge, Presiding**


APPEARANCES (by telephone)


For Plaintiff:     LEGAL AID SOCIETY OF MID-NEW YORK, INC.
                   Syracuse Office
                   221 South Warren Street
                   Syracuse, New York 13202
                     BY:  ELIZABETH V. LOMBARDI, ESQ.

For Defendant:     SOCIAL SECURITY ADMINISTRATION
                   6401 Security Boulevard
                   Baltimore, MD 21235
                     BY:  CANDACE M. BROWN CASEY, ESQ.


*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1  THE COURT:  Plaintiff commenced this proceeding
2  pursuant to Title 42, United States Code, Section 405(g) to
3  challenge the adverse determination by the Commissioner of
4  Social Security finding that he was not disabled at the
5  relevant times and therefore ineligible for the benefits that
6  he sought.
7  By way of background the Court notes as follows.
8  Plaintiff was born in 1965.  He is currently approximately 58
9  years old and will be 59 years old in approximately 23 days.
10  He was 52 years old on the date of his application for
11  benefits.  Plaintiff stands approximately 5 feet, 11 inches
12  and weighs approximately 290 pounds.  Plaintiff attended
13  special education classes before leaving school in the
14  ninth grade.  He eventually obtained his GED while
15  incarcerated.  He resides alone but testified that he often
16  had a friend come over to assist with household chores.
17  Plaintiff has a limited work history, with no
18  full-time employment in the fifteen years prior to his
19  current application for benefits.  Plaintiff received social
20  security disability benefits between June 2013 and
21  approximately 2017, due to functional limitations imposed by
22  his psychiatric impairments.  Plaintiff testified that his
23  disability benefits were discontinued when he was
24  incarcerated.  See Transcript at pages 61 through 62.
25  Plaintiff has a lengthy history of alcohol and

substance abuse and has participated in both inpatient and outpatient addiction rehabilitation.

Plaintiff applied for Title XVI benefits on September 8, 2017, alleging disability beginning February 2nd, 2000. In support of his claim for disability benefits, Plaintiff claimed disability based on mental health impairments including social anxiety, depression, and schizophrenia. During the administrative process, Plaintiff also claimed physical functional limitations stemming from chronic back pain and obesity.

Plaintiff's application was initially denied on February 8, 2018. Following a hearing, Administrative Law Judge Bruce S. Fein issued an unfavorable decision on July 16 of 2019. The Appeals Council remanded Plaintiff's claim for additional consideration on August 13th of 2020. ALJ Fein held a telephonic hearing on January 14th, 2021 and issued another unfavorable determination on February 11th of 2021. This decision became the Commissioner's final determination after the Appeals Council denied Plaintiff's request for review on November 1 of 2022.

This action was commenced on November 29th of 2022 and it is timely.

In his February 11, 2021 decision, ALJ Fein applied the familiar five-step test for determining disability.

At step one, he concluded that Plaintiff had not

engaged in substantial gainful activity from his application date of September 8, 2017.

At step two, the ALJ concluded that Plaintiff had the following severe impairments:  Degenerative disc disease of the lumbar spine, schizoaffective disorder depressive type, alcohol use disorder, and stimulant use disorder amphetamine type.

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Sections 416.920(d), 416.925, and 416.926.  And the ALJ focused on the following listings: listing 1.04 dealing with disorders of the spine; listing 12.03 dealing with schizophrenia spectrum and other psychotic disorders, and listing 12.04 dealing with depressive, bipolar and related disorders.

Next, the ALJ determined that Plaintiff had the residual functional capacity to perform less than the full range of medium work.  Specifically, the ALJ found Plaintiff can frequently climb ramps or stairs, and can frequently balance, stoop, kneel, crouch, or crawl.  The ALJ further found that the Plaintiff is able to perform work that is limited to simple, routine, and repetitive tasks, but should not work at a production rate or on pace work.  The ALJ limited Plaintiff to work in a low stress job defined as only

1    requiring occasional decision-making, occasional changes in
2    the work setting, and occasional exercise of judgment.  The
3    ALJ found that Plaintiff was able to occasionally interact
4    with co-workers, supervisors and the public.
5            In reaching his RFC determination, the ALJ
6    considered multiple medical and psychiatric opinions.  He
7    found the December 20th, 2017 opinion from consultative
8    physical examiner Dr. Elke Lorensen to be only partially
9    persuasive because it was not entirely consistent with the
10   evidence in the overall record.  Dr. Lorensen had opined that
11   Plaintiff had no gross limitations in sitting, standing,
12   walking, and handling small objects with his hands, and
13   moderate limitations for bending, lifting, and reaching.  The
14   ALJ deemed these postural limitations to be inconsistent with
15   the consultative examination results and the other record
16   evidence.  In particular, the ALJ noted that Plaintiff had
17   decreased range of motion of the lumbar spine, but showed no
18   evidence of pain with movement, and demonstrated full range
19   of motion in the shoulders, elbows, forearms, and wrists
20   bilaterally.
21           The ALJ found the only other medical opinion of
22   Plaintiff's physical functional limitations, that of
23   non-examining state agency consultant Dr. C. Krist, to be
24   less persuasive.  Dr. Krist reviewed Plaintiff's then-current
25   medical records, including Dr. Lorensen's examination report,

1  in February of 2018, and opined that Plaintiff was capable of
2  performing light work with only occasional stooping and
3  crouching.  This included a limitation to frequent lifting
4  and carrying up to 10 pounds, and occasional lifting and
5  carrying up to 20 pounds.  In specifically rejecting this
6  portion of Dr. Krist's opinion, the ALJ cited Plaintiff's
7  conservative treatment history and found, quote, "no
8  indication in the record" that his physical impairments
9  would, quote, "impair the claimant's ability to lift more
10 than 20 pounds occasionally."
11         With regard to Plaintiff's mental health
12 impairments, the ALJ considered the December 6th, 2017
13 consultative psychiatric opinion of Dr. Dennis Noia, who
14 opined that Plaintiff had no limitations understanding,
15 remembering, or applying simple directions and instructions;
16 but was moderately limited in his ability to understand,
17 remember, or apply complex directions and instructions.  He
18 further opined that Plaintiff had moderate limitations using
19 reasoning and judgment to make work-related decisions.
20 Dr. Noia opined that Plaintiff had mild limitations in a
21 number of functional areas, including social interaction with
22 supervisors, co-workers and the public; sustaining
23 concentration and performing a task at a consistent pace; and
24 sustaining an ordinary routine with regular attendance at
25 work.  He also opined that Plaintiff had, quote, "moderate to

marked" limitations with regard to regulating emotions, controlling behavior, and maintaining well-being.  The ALJ found this opinion to be, quote, "partially persuasive."  In particular, the ALJ's RFC determination included lesser limitations with regard to controlling his behavior and maintaining well-being, and greater limitations on social interaction.

The ALJ also considered the opinion of non-examining psychiatric consultant, Dr. K. Lieber-Diaz, who reviewed Plaintiff's mental health records in January of 2018.  Dr. Lieber-Diaz opined that Plaintiff had moderate limitations in a number of functional areas, those being remembering locations and work-like procedures; understanding, remembering, and carrying out detailed instructions; performing activities within a schedule; maintaining regular attendance; being punctual within customary tolerances; working in coordination with and in proximity to others; maintaining attention and concentration for extended periods; setting realistic goals or making plans; completing a normal workday and workweek without interruptions from mental health symptoms; interacting appropriately with supervisors, co-workers, and the general public; and performing at a consistent pace without an unreasonable number and length of rest periods.

The ALJ found Dr. Lieber-Diaz's opinion only,

quote, "partially persuasive."  In particular, the ALJ rejected the restrictions on Plaintiff's ability to complete a normal workday or workweek, or maintain a regular schedule or attendance, in light of evidence that Plaintiff is compliant with his medication, was generally cooperative during appointments, and completed an inpatient addiction treatment program.

There were several mental health opinions from treating sources in the record.  Nurse Practitioner Thomas Dowling had provided mental health treatment to Plaintiff since October 2017, and prepared a May 2019 opinion, co-signed by Dr. Steven Fogelman, describing a number of, quote, "marked or serious" limitations in social interaction, dealing with stress, and performing at a consistent pace. Dowling and Fogelman also opined that Plaintiff's mental health impairments were likely to cause him to miss more than four workdays per month and be late to work more than four days per month.  The ALJ deemed this opinion not persuasive in light of the record evidence, including Plaintiff's cooperative interactions with peers and staff in treatment facilities.

The ALJ also considered the December 10, 2020 opinion co-signed by two other treating sources, that being Dr. Scott Ulberg and Nurse Practitioner Kourtney Darrow.  At the time of the opinion, they had seen Plaintiff at least

1   monthly since May of 2020.  The Ulberg/Darrow opinion found a
2   number of, quote, "extreme" limitations, including
3   Plaintiff's ability to understand and learn terms,
4   instructions and procedures; to use reason and judgment to
5   make work-related decisions; to cooperate and handle conflict
6   with others; to maintain attention and concentration in the
7   workplace; and to deal with normal work stress.  Their
8   opinion also identified, quote, "marked limitations" in
9   Plaintiff's ability to ask simple questions and request
10  assistance; to understand, remember, and carry out very short
11  and simple oral instructions; and handle simple social
12  interactions.
13          In their opinion, Plaintiff was likely to be absent
14  from work more than four days per month and be late for work
15  more than four days per month.  In a brief narrative,
16  Ulberg/Darrow noted that Plaintiff had missed a number of
17  appointments and arrived intoxicated for others, but
18  functioned well when he was compliant with his psychiatric
19  medication.  The ALJ deemed the Ulberg/Darrow opinion to be
20  less persuasive, citing evidence in the overall record that
21  suggested greater functional abilities.
22          At step four, the ALJ found that Plaintiff had no
23  past relevant work.  Relying on hearing testimony from a
24  vocational expert, also referred to as a VE, the ALJ found
25  that, considering Plaintiff's age, education, work

1    experience, and RFC, there are a number of jobs that exist in
2    significant numbers in the national economy that Plaintiff
3    can perform.  Accordingly, the ALJ found that the Plaintiff
4    was not disabled from his application date through the date
5    of the February 2021 disability determination.
6            I'm next turning to the Plaintiff's arguments.  As
7    you know, this Court's functional role in this case is
8    limited and extremely deferential.  I must determine whether
9    correct legal principles were applied and whether the
10   determination is supported by substantial evidence, defined
11   as such relevant evidence as a reasonable mind would find
12   sufficient to support a conclusion.  As the Second Circuit
13   noted in *Brault v. Social Security Administration*
14   *Commissioner*, found at 683 F.3d 443, 2012 case, the standard
15   is demanding, more so than the clearly erroneous standard.
16   The Court noted in *Brault* that once there is a finding of
17   fact, that fact can be rejected only if a reasonable
18   factfinder would have to conclude otherwise.
19           Plaintiff raises several contentions in this
20   proceeding.  First, the Plaintiff argues the ALJ erred in
21   evaluating the medical opinions of Plaintiff's physical and
22   mental health impairments.  Second, Plaintiff argues the ALJ
23   erred by excluding Plaintiff's obesity from the list of
24   severe impairments at step two of the sequential analysis and
25   that the ALJ did not adequately consider its impacts on

1 Plaintiff's RFC.  Third, Plaintiff argues that the ALJ failed
2 to properly investigate potential conflicts between the
3 Dictionary of Occupational Titles and the vocational expert
4 testimony regarding jobs that Plaintiff can perform.
5         The Court's going to begin its analysis as follows.
6 At their most basic, the amended regulations require that the
7 ALJ explain his findings regarding the supportability and
8 consistency for each of the medical opinions, pointing to
9 specific evidence in the record supporting those findings.
10 See case *Raymond M. versus Commissioner of Social Security*,
11 that's found at 5:19-cv-1313, and that is a Judge Baxter case
12 found at 2021 Westlaw 706645, at page 8, Northern District of
13 New York, February 22 of 2021.  This Court finds that the ALJ
14 failed to adequately explain his reasons for rejecting or
15 discounting multiple medical or psychiatric opinions that
16 were significantly more restrictive than the ALJ's RFC
17 determination, and thus remand for further administrative
18 proceedings is required.
19         First, the ALJ failed to adequately explain his
20 analysis of the supportability of the opinions addressing
21 Plaintiff's physical functional limitations.  The ALJ
22 determined that Plaintiff was capable of performing medium
23 work.  By definition, medium work involves lifting no more
24 than 50 pounds at a time with frequent lifting or carrying of
25 objects weighing up to 25 pounds.  It is unclear how the ALJ

1   reached this conclusion.  Dr. Krist provided a specific
2   lifting restriction in his opinion, limiting Plaintiff to
3   frequent lifting and carrying up to 10 pounds and occasional
4   lifting and carrying up to 20 pounds, as found in light work
5   occupations.
6           Consultative examiner Dr. Lorensen opined only that
7   Plaintiff had moderate limitations with regard to bending,
8   lifting, or reaching.  While this language is imprecise,
9   courts in the Second Circuit have found that moderate
10  limitations in a Plaintiff's ability to perform exertional
11  activities typically correlates to an RFC for light work.
12  See *case of Timothy James C. versus Kijakazi*, that's found at
13  5:22-cv-1146, and that is a District Court Judge D'Agostino
14  and Magistrate Judge Dancks case found at 2023 Westlaw
15  9116647, at page 7, Northern District of New York,
16  October 23rd of 2023.
17          In finding the Krist and Lorensen opinions to be
18  unsupported by the overall record, the ALJ only cited
19  Plaintiff's conservative treatment history and his regular
20  use of a bicycle as contrary evidence.  The ALJ never
21  explained how either factor suggests an ability to meet the
22  exertional demands of medium work, particularly the lifting
23  requirements.  Indeed, Plaintiff's mere use of a bicycle
24  appears to be particularly poor evidence of his ability to
25  perform medium work.  Although Plaintiff does not drive and

1  typically relies on a bicycle for transport, the record shows
2  that Plaintiff was referred to a cardiologist in February of
3  2019 after experiencing occasional chest pain while cycling.
4  Plaintiff saw Dr. Damian Ray for complaints of chest pain
5  several times between 2017 and 2019.  See Transcript pages
6  801 to 821.
7          Dr. Ray referred Plaintiff to a cardiologist more
8  than once, but the record shows that Plaintiff failed to
9  attend at least one cardiology appointment, and it is unclear
10 if he ever actually saw a cardiologist.
11         The ALJ's consistency analysis in this case is also
12 defective.  The courts in this circuit have recognized that
13 an ALJ should not consider the persuasiveness of each medical
14 opinion in a vacuum, but must adequately account for the
15 consistency of the various opinions with each other.  See
16 case of *Mallorie M. versus Commissioner of Social Security*,
17 3:21-cv-891.  That is a District Court Judge D'Agostino and
18 Magistrate Judge Baxter case found at 2022 Westlaw 19078137,
19 at page 12, Northern District of New York, December 22 of
20 2022.  That report and recommendation was adopted and can be
21 found at 2023 Westlaw 2563209, Northern District of New York,
22 March 17 of 2023.  See also case of *Ingrid T.G. versus*
23 *Commissioner of Social Security*, 1:20-cv-5651.  That can be
24 found at 2022 Westlaw 683034, at page 8.  That is a Southern
25 District of New York, March 8 of 2022 case.  And therein the

1  Court in finding the assessments of disabling pain and
2  phobias unpersuasive, the ALJ was required to address and
3  account for the fact that the treating providers were united
4  in their belief that the Plaintiff's symptom experience was
5  plausible, pervasive, and preclusive of sustained work
6  activity.  See also the case of *Gary F. versus Commissioner*
7  *of Social Security*, found at 6:20-cv-6735, and it's found at
8  2022 Westlaw 16540354, at page 3.  That's a Western District
9  of New York, October 28, 2022 case.  And therein finding the
10 ALJ erred when he did not even acknowledge the substantial
11 similarities between two opinions.  Here, in this case, the
12 ALJ analyzed each of the two medical opinions addressing
13 Plaintiff's physical limitations in isolation, and never
14 acknowledged that both limit Plaintiff to light work.
15         Similar errors taint the ALJ's analysis of the
16 supportability and consistency of the mental health opinion
17 evidence.  For example, the Dowling/Fogelman and
18 Ulberg/Darrow opinions both estimate that Plaintiff's mental
19 health impairments would cause him to have more than four
20 unexcused absences from work and be late for more than four
21 workdays per month, and Dr. Lieber-Diaz opined that Plaintiff
22 had moderate limitations in his ability to be punctual and
23 maintain a schedule and regular attendance at his job.
24         The ALJ rejected each of these opinions, despite
25 record evidence that Plaintiff repeatedly failed to appear

for cardiology, mental health, and drug rehabilitation appointments, and arrived intoxicated at other appointments. Crucially, the ALJ again considered each opinion in isolation, and never addressed the apparent consistency across three of the four mental health opinions with regard to attendance and punctuality concerns.

Remand is thus required for proper evaluation of the persuasiveness of the mental health opinion evidence. In deciding that remand is required, this Court is not deciding that a proper evaluation of the opinion and other evidence will result in a determination that Plaintiff qualifies for disability benefits. Plaintiff turned 55 years old on March 27th, 2020, making him an individual of advanced age. See 20 CFR Section 416.963(e). Because he has no transferable skills, a physical RFC of light or sedentary work would ordinarily qualify him as disabled beginning on his 55th birthday. See 20 CFR Section 416.968(d)(4).

However, given Plaintiff's history of drug and alcohol addiction, the ALJ would also have to determine whether his addiction was a contributing factor material to the determination of disability, which could make him ineligible for benefits. See 20 CFR Section 416.935. An ALJ must build an accurate and logical bridge from the evidence to his conclusion to enable a meaningful review. See *Pamela P. v. Saul*, that's found at 3:19-cv-575, a Magistrate Judge

1    Stewart case, found at 2020 Westlaw 2561106, at page 4,
2    Northern District of New York, May 20th of 2020, and therein
3    quoting the case of *Steele v. Barnhart*, found at 290 F.3d
4    936, at page 941, that's a Seventh Circuit 2002 case.
5              In ordering remand, this Court finds that the ALJ's
6    current evaluation of the record evidence of Plaintiff's
7    physical and mental health impairments, as expressed in his
8    decision, does not permit that meaningful review.
9              Because a proper evaluation of the opinion evidence
10   on remand will necessarily require reconsideration of the
11   impact of Plaintiff's obesity on his RFC and likely require
12   new vocational expert testimony, this Court declines to
13   address Plaintiff's remaining arguments.
14             As a result, and based upon this analysis and
15   reasoning, the Court finds Plaintiff's motion for judgment on
16   the pleadings is granted, and defendant's motion for judgment
17   on the pleadings is denied.  This case is remanded to the
18   Social Security Administration for a de novo review.
19             That constitutes and concludes the decision of the
20   Court.  As I indicated, I will have the court reporter
21   transcribe the decision that I just rendered.  I will then
22   append it to a summary order and file it in the docket in the
23   near future.
24             *              *              *
25

```
 1
 2                      C E R T I F I C A T I O N
 3
 4        I, EILEEN MCDONOUGH, RPR, CRR, Federal Official
 5   Realtime Court Reporter, in and for the United States
 6   District Court for the Northern District of New York,
 7   do hereby certify that pursuant to Section 753, Title 28,
 8   United States Code, that the foregoing is a true and correct
 9   transcript of the stenographically reported proceedings held
10   in the above-entitled matter and that the transcript page
11   format is in conformance with the regulations of the
12   Judicial Conference of the United States.
13
14
15
16                      _____
17                      EILEEN MCDONOUGH, RPR, CRR
                        Federal Official Court Reporter
18
19
20
21
22
23
24
25
```